25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Armando Velasquez CONTRERAS, Defendant-Appellant.
 No. 92-2236.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL and McKAY, C.J., and VAN BEBBER,[2] District Judge.
 
 
 2
 Defendant appeals his conviction and sentence for bank robbery, felon in possession of a firearm, and use of a firearm during a crime of violence. He alleges three counts of reversible error. First, Defendant contends that the fingerprint identification evidence used against him at trial should not have been admitted because it was the fruit of a Miranda violation. Defendant alleges that the officer elicited his signature in violation of Miranda, and that the signature led to the taking of his fingerprints. Defendant's argument fails for at least three reasons. First, regardless of the method by which the officer elicited his signature, Defendant's signature itself was not incriminating. The officers did not have a name connected with the robbery at the time of the events in question, so Defendant's signature was meaningless at the time, at least in regard to the bank robbery in question. Furthermore, Defendant has failed to set forth a persuasive theory as to how the signature led to the taking of his fingerprints. Therefore, Defendant has not established that the fingerprint information was the "fruit" of the alleged Miranda violation. Finally, the district court found that Defendant's fingerprints would have been taken soon after the events in question regardless of the elicitation of his signature. Under the inevitable discovery rule, the district court then declined to apply the exclusionary rule. This finding was not clearly erroneous.
 
 
 3
 Next, Defendant argues that the photo array used by police to identify him as the bank robber was impermissibly suggestive. The photo array consisted of six pictures, one of which contained Defendant's image. Even though the array contained only six photographs, we cannot conclude that it was suggestive in any way. Defendant claims that the array was suggestive because two of the men in the array look much older than him, several of the men did not have the same "type" or thickness of mustache, and only two of the men "looked like" Defendant. We do not find any of these arguments persuasive. Defendant's photograph does not stand out as different from the others in the array. No irregularity exists that could reasonably have led a witness to conclude that his picture was taken at a different time or place from the others. Defendant's picture did not contain any facial features or characteristics foreign to all of the other pictures that the witnesses generally described the bank robber as having. Indeed, because the descriptions given by the on-the-scene witnesses varied, the officers were placed in the difficult situation of having to compile a photo array that took all of the variations into consideration, yet one that did not make Defendant's photograph stand out as different. The officers successfully accomplished this task, and the resulting array did not infringe Defendant's due process rights.
 
 
 4
 Defendant also argues that the identifications were impermissibly suggestive because the officer presenting the array told the witnesses that the bank robber was in the array. At the end of cross-examination, the officer stated very clearly that he did not tell the witnesses that the bank robber's picture was in the array. Defendant's theory, however, rests on a statement that the officer made at the beginning of the hearing when he was describing the general process of administering photo arrays. Although the earlier statement is ambiguous at best, Defendant believes that it reveals that the officer did actually tell the witnesses that the suspect was in one of the photographs. Given the clarity of the second statement, and the ambiguity of the statement relied on by Defendant, we cannot determine that the district court's implicit finding in this respect was clearly erroneous.
 
 
 5
 Finally, Defendant contends that a remand for resentencing or clarification is necessary because the district court did not explicitly deny his request for a downward departure. Although it is true that the district court did not expressly rule on Defendant's motion, it is clear from the transcript of the sentencing hearing that the trial judge was aware of his authority to depart and simply chose not to do so because of Defendant's criminal history.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable G. Thomas Van Bebber, United States District Judge for the District of Kansas, sitting by designation